UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KIMBERLY BOYCE-LAZARE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**CHEX SYSTEMS, INC.,**<br><br>*Defendant*. | Civil Action No. 1:20cv-00678-AJN<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 11/4/2020 |

ALISON J. NATHAN, U.S.D.J.:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terns, upon pain of contempt:

1. With respect to "Discovery Material" *(i.e.,* information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order:

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information;

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, organizational charts, or marketing plans;

    (d) previously non-disclosed policies and procedures related to the management of a non-public company;

    (e) personal health information or any other information of a personal or intimate nature regarding any individual; or

    (f) any other category of information given confidential status by this Court after the date of this Order.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. For information produced in native format (such as an Excel spreadsheet), the Producing Party shall include the designation "CONF." in the file name.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record

during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel; or (b) by providing in writing, to all Counsel, page and line designations of Confidential material within 14 days of the receipt of the final transcript of the deposition from the court reporter. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.    If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without a Confidential designation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.    If, in connection with this litigation, a Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

8.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

9.   The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information but shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

10.   Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)   the Parties to this action, their insurers, and counsel to their insurers;

(b)   counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)   outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either

before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

13. Filing Confidential Discovery Materials With the Court:

    (a) Redactions Not Requiring Court Approval. The parties are referred to the EGovernment Act of 2002 and the Southern District's ECF Privacy Policy ("Privacy Policy") and reminded not to include, unless necessary, the five categories of "sensitive information" in their submissions (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]). Parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (*i.e.*, personal identifying number, medical records (including information regarding treatment and diagnosis), employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government), as described in the Privacy Policy, without Court approval.

    (b) Redactions Requiring Court Approval. Except for redactions permitted by the preceding sub-paragraph (a), all redactions require Court approval. To

6

be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.,* No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015). The party seeking leave should file the redacted document(s) on ECF. At the same time, the party should (1) file (on ECF, if possible, and otherwise by e-mail) a letter-motion justifying and seeking leave for the redactions; and (2) e-mail to the Court (at NathanNYSDChambers@nysd.uscourts.gov) (i) a copy of the relevant document(s) in highlighted form *(i.e.,* with the words, phrases, or paragraphs to be redacted highlighted); and (ii) a partial, loose leaf set of solely those pages on which the party seeks to redact material. One courtesy-copy of all papers associated with the request shall also be mailed or hand-delivered to the Court. If a request for redactions is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request for redactions. If the application for redaction is approved, the Court will file and maintain the unredacted copy of the document under seal.

110834595

(c) Method of Submission. Any document to be filed under seal or with redactions must be submitted to the Court (without redactions) via the Court's email address (NathanNYSDChambers@nysd.uscourts.gov). Parties may not submit documents exclusively in hard copy.

14. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 1(C) of this Court's Individual Practices.

15. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 1(C) of this Court's Individual Rules of Practice in Civil Cases.

16. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

17. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that

such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

18.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must upon request of the Producing Party certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED AND AGREED.**

Respectfully submitted,

| | |
|---|---|
| By: */s/ David M. Gettings* | By: /s/ Craig C. Marchiando |
| David M. Gettings (*admitted pro hac vice*) | *Signed with permission of Craig C.* |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | *Marchiando* |
| 222 Central Park Avenue, Suite 2000 | Craig C. Marchiando |
| Virginia Beach, Virginia 23462 | Consumer Litigation Associates, P.C. |
| Telephone: (757) 687-7747 | 763 J. Clyde Morris Blvd., Suite 1-A |
| Facsimile: (757) 687-7510 | Newport News, VA 23601 |
| E-mail: david.gettings@troutman.com | Telephone: (757) 930-3660 |
| | Facsimile: (757) 930-3662 |
| Stephen J. Steinlight | craig@clalegal.com |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | |
| 875 Third Avenue | Abel L. Pierre |
| New York, NY 10022 | LAW OFFICE OF ABEL L. PIERRE, |
| Telephone: (212) 704-6008 | ATTORNEY-AT-LAW, P.C. |
| Facsimile: (212) 704-6288 | 140 Broadway, 46th Floor |
| E-mail: stephen.steinlight@troutman.com | Tel: 212-766-3323 |
| | abel@apierrelaw.com |
| *Counsel for Defendant Chex Systems, Inc.* | |
| | *Counsel for Kimberly Boyce-Lazare* |

SO ORDERED.    _____
                                                          ALISON J. NATHAN
Dated: November 2, 2020                       United States District Judge
       New York, NY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLY BOYCE-LAZARE,<br><br>　　　　　　　　*Plaintiff*,<br><br>v.<br><br>CHEX SYSTEMS, INC.,<br><br>　　　　　　　　*Defendant*. | **Exhibit A**<br>to Stipulated Confidentiality<br>Agreement and Protective Order<br><br>Civil Action No. 1:20cv-00678-AJN |

## NON-DISCLOSURE AGREEMENT

　　I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　　　　　　　　　　　　　　　　　Name:

　　　　　　　　　　　　　　　　　　Date:

110834595